# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41196
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELVIS ANTONIO HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-523-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Elvis Antonio Hernandez challenges the 37-month sentence imposed following his guilty-plea conviction for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends the sentence is procedurally and substantively unreasonable because: the court improperly considered his bare-arrest record in determining his sentence; and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-41196

the Government has not carried its burden of demonstrating the court would have imposed the same sentence absent its reliance on that invalid factor.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Hernandez did not object to the reasonableness of his sentence in district court; accordingly, review is only for plain error. *Puckett v. United States*, 556 U.S. 129, 134–35 (2009). In that regard, Hernandez must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Id.* at 135. If he does so, this court has discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* The burden is on Hernandez, not the Government, to show there is a reasonable probability the court would have imposed a lesser sentence had it not considered his bare-arrest records. *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010).

Regarding the procedural-unreasonableness challenge, a court may not consider a bare-arrest record that contains no information about the circumstances of the defendant's conduct that resulted in the arrest. *See United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013). On the other hand, an arrest record is not considered bare "when it is accompanied by a factual recitation of the defendant's conduct that gave rise to a prior

unadjudicated arrest and that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability". *Id.* (internal quotation marks omitted). Here, the Pre-sentence Investigation Report's description of Hernandez' 2012 misdemeanor assault-and-battery-on-a-family-member conviction contained ample information concerning dismissed felony offenses arising from that incident. Therefore, consideration of his arrest on those charges was not based on a bare record; in short, there was no clear or obvious error.

Even assuming, *arguendo*, the district court committed clear or obvious error by considering Hernandez' unadjudicated assault arrests, our court must determine, in the context of plain-error review, whether consideration of them, in conjunction with other permissible factors, affected his substantial rights. *Williams*, 620 F.3d at 495–96. In addition to Hernandez' 2013 assault arrests, the court considered a number of other factors, including: his assault conviction against the mother of his child; his felony drug-trafficking conviction; and two misdemeanor drug convictions. The court also examined Hernandez' contention regarding his cultural assimilation. Accordingly, the court gave significant weight to several valid 18 U.S.C. § 3553(a) factors, and the record does not show it gave undue weight to Hernandez' prior arrests. He has not demonstrated the court would have imposed a lesser sentence had it not considered his bare arrests; therefore, he has failed to show his substantial rights were affected. *See, e.g., Williams*, 620 F.3d at 495 (determining the court's "lengthy and weighted discussion of other significant" factors rebutted defendant's assertion his substantial rights were affected).

Hernandez' substantive-unreasonableness challenge is based on his claim the court improperly considered his prior arrests in determining his sentence. Because the court did not commit procedural plain error, Hernandez'

substantive-unreasonableness assertion similarly fails.  As stated, the court considered several valid § 3553(a) factors, and did not commit clear or obvious error in its consideration of the arrests in declining to depart downward.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Accordingly, Hernandez has not rebutted the presumption of reasonableness attached to his within-Guidelines sentence.  *Id.*

AFFIRMED.